# Smith *versus* Reber *et al.*

1. A. delivered to B. a treasurer's deed for certain land, as security for a debt. *Held,* that B. does not thereby sustain such a fiduciary relation, as to prevent him from purchasing the same land at a subsequent treasurer's sale.

ERROR to the Court of Common Pleas of *Elk county.*

This was an action of ejectment, brought by Jacob Smith, the plaintiff in error, against David Reber and William Masser. The plaintiff claimed under Henry Stetler, who had a treasurer's deed for the land in dispute. In 1845, Stetler had given this deed to the defendants as security for a debt. The plaintiff proved this, and that in 1853 he had called on defendants and tendered them the amount of their claim against Stetler, and demanded the surrender of the treasurer's deed. The defendants informed him that they had in 1846 bought the property

[Commonwealth ex rel. Boyd *v.* The Jailer.]

at treasurer's sale in order to divest Stetler's title. On the trial they relied upon the second treasurer's deed.

The court, WHITE, P., decided that the defendants were not trustees, and that the plaintiff could not recover. This was assigned for error.

*Johnson*, for plaintiff in error.

PER CURIAM.—This land is the plaintiff's only on the assumption, that when Reber bought it in for taxes, he was agent or trustee of it for the plaintiff's vendor. But we see no other evidence of it than that the plaintiff's vendor had made an unsuccessful attempt to give the defendant a mortgage upon it by a pledge of the title papers. If he had had a valid mortgage against it without possession, it is not pretended that he would have been bound for the taxes, or bound to attend to the payment of them, and we are totally unable to comprehend how such a duty can arise from a fruitless attempt to create a mortgage.

Judgment affirmed.